UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACY S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-346-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S DECISION** |

Plaintiff appeals the ALJ's decision finding her not disabled. Plaintiff contends the ALJ erroneously excluded panic disorder at step two, discounted an examining physician's opinion, and discounted her testimony about her mental limitations. Dkt. 10 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## BACKGROUND

Plaintiff is currently 48 years old, has a bachelor's degree, worked as a freelance book editor, medical model, cashier and picture framer. Tr. 27, 44-47. In May 2016, she protectively applied for benefits, alleging disability as of June 17, 2007.[1] Tr. 232-41. Her application was

---

[1] In light of a prior administratively final ALJ decision finding Plaintiff not disabled through December 31, 2012 (Tr. 83-95), the ALJ indicated that the period adjudicated by the current

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

denied initially and on reconsideration. Tr. 158-73. The ALJ conducted a hearing on November 15, 2018 (Tr. 37-39), and subsequently issued a decision finding Plaintiff not disabled. Tr. 15-28. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

The ALJ found:

**Step one:** Plaintiff worked since her application date, but did not report her earnings to the IRS and therefore her income could not be confirmed. Due to limited documentation, her work did not rise to the level of substantial gainful activity.

**Step two:** Plaintiff's severe impairments are mental health impairments "diagnosed to include major depressive disorder; post-traumatic stress disorder [("PTSD")]; and anxiety."

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: she can perform simple, routine, repetitive tasks, which can be learned by rote. She can have occasional, superficial contact with co-workers and supervisors. She can work independently, but not on team or tandem tasks. She cannot have public contact.

**Step four:** Plaintiff cannot perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 15-28.

//

//

//

---

decision ran from the application date (May 11, 2016) through the date of the decision. Tr. 15-16.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

**DISCUSSION**

**A.     Step Two**

At step two, the ALJ found Plaintiff has "mental health impairments diagnosed to include" depression, PTSD, and anxiety. Tr. 18-19. Plaintiff contends the ALJ erroneously failed to find panic disorder is also a severe impairment at step two. However, although the ALJ did not mention the impairment at step two, the ALJ discussed Plaintiff's panic attacks/disorder in her discussion of the medical evidence later in the decision (Tr. 22, 23, 24, 25).

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, Plaintiff argues panic disorder significantly limits her ability to perform basic work activities as a separate and distinct condition, and the ALJ should have found the condtion is a severe impairment at step two. Dkt. 10 at 4.

The ALJ at step-two found Plaintiff had been diagnosed with various mental health impairments, including depression, PTSD, and anxiety. Tr. 18-19. The ALJ failed to mention panic disorder but Plaintiff has not identified any specific limitation attributable to her panic disorder that was not discussed by the ALJ in subsequent portions of the decision, and thus has failed to establish the ALJ harmfully erred in failing to find panic disorder as one of Plaintiff's mental disorders at step two. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). The Court accordingly finds that even if the ALJ should have noted panic disorder at step two, the failure to do so is harmless.

B.    **Medical Opinion Evidence**

David Widlan, Ph.D., examined Plaintiff in July 2016 and completed a report describing her symptoms and limitations. Tr. 359-63. In the medical source statement the doctor stated:

> [Plaintiff] suffers from severe Panic Disorder as well as [PTSD] and significant depression. The Mental Status Examination indicated a presentation consistent with the above conditions as well as some deficits in memory, concentration, and social reasoning. The onset of her disability appears to be no later than October 9, 2011, which is the date of an emergency room visit due to panic. She does not appear capable of consistently negotiating routine social stressors. She appears to have significant deficits in ADL's. She does not appear capable of maintaining persistence or pace even within a non-stressful and isolated employment setting. This examiner has extensive experienc[e] treating and evaluating individuals with both Panic Disorder and [PTSD].

Tr. 363.

The ALJ gave great weight to the results of Dr. Widlan's mental status examination, but discounted his opinions regarding Plaintiff's functional limitations on the grounds these opinions were based on Plaintiff's statements to the doctor. Tr. 25. Plaintiff argues the ALJ erred in doing so. An ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Widlan did not find Plaintiff was malingering or was not-credible and did not render his opinions based solely upon Plaintiff's statements. Rather the doctor considered Plaintiff's statements, made observations about Plaintiff and conducted a clinical examination. The ALJ accordingly erred.

The Commissioner suggests the ALJ properly rejected Dr. Widlan's opinions as inconsistent with his examination findings. Plaintiff disagrees arguing Dr. Widlan "supported his opinion with his objective findings during his examination." Dkt. 10 at 6. The record establishes Dr. Widlan indicted Plaintiff's mental status examination was consistent with her

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

1  conditions (Tr. 363). The doctor's examination itself of course did not establish Plaintiff was
2  severely limited in her ability to handle routine social stressors, complete her activities of daily
3  living, or maintain persistence or pace even in a non-stressful and isolated job. These opinions
4  reflected Dr. Widlan's consideration of Plaintiff's statements and his observations of her during
5  the examination.
6      As noted above the fact a psychological examination relies upon statements of the person
7  examined is not itself a basis to reject the opinions of the examining doctor where the doctor
8  made no findings the patient lacked credibility.  Dr. Widlan's opinion was based in part on
9  Plaintiff's self-report, but also on his clinical interview and mental status evaluation. These are
10 professional  standards of assessment and the doctor's opinion cannot be discounted as a merely
11 relying upon patient "self-report."  Moreover, a psychological report should not be rejected
12 because psychological evluations are imprecise. A psychological opinion will nearly always
13 depend in part on the patient's self-report, as well as on the clinician's observations of the
14 patient. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in
15 the same manner to opinions regarding mental illness." *See Buck v. Berryhill*, 869 F3d 1040 (9th
16 Cir 2017).
17     Dr. Widlan's report also identifies several different functional limitations based on his
18 examination. Plaintiff contends the ALJ erroneously failed to credit the doctor's opinions
19 regarding Plaintiff's concentration, persistence and pace. Dr. Widlan stated in the mental status
20 examination section of his report Plaintiff "exhibited concentration difficulties during the MSE"
21 and that her "behavior was noteworthy for significant anxiety."  Tr. 361. These are clinical
22 findings for which the ALJ failed to provide a valid reason to discount; the ALJ accordingly
23 erred.

The Commissioner also suggests the ALJ properly discounted Dr. Widlan's conclusions as inconsistent with Plaintiff's activities. However, the ALJ made no such specific finding. Dkt. 13 at 8.  Rather the ALJ rejected the doctor's opinions stating " I give minimal weight to his opinions regarding the claimant's functional limitations because they appear to be based upon the claimant's self reports and allegations during the interview." Tr. 25. The Commisioner contends the ALJ does not have to provide any factual basis to reject Dr. Widlan's opinion as inconsistent with Plaintiff's daily activities. This incorrectly sidesteps the fact the ALJ did not articulate the ground upon which the Commissioner contends supports the ALJ's decision. Rather the Commissioner's argument would require the Court to review the record and independently and for the first time on review make a determination reserved to the ALJ.

The Court will not adopt the rationale of contained in post hoc arguments, weigh the evidence and make a specific finding where the ALJ has not. In short, the Court finds the ALJ erroneously discounted Dr. Widlan's opinions and should reassess the opinion on remand.

**C.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony finding her (1) her activities were inconsistent with her descriptions of debilitating panic attacks and social anxiety; (2) she arrived at the administrative hearing using a cane that had not been prescribed and the record contains no evidence that Plaintiff has any problems with ambulation; and (3) Plaintiff's treatment record contains many normal findings, and her infrequent visits to the emergency room during panic attacks did not lead to admission for inpatient treatment.  Tr. 23-25.

Plaintiff contends the ALJ erroneously rejected her testimony about the severity of her mental limitations, contending the ALJ failed to provide clear and convincing supported by substantial evidence. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014)

The ALJ discounted Plaintiff's testimony as inconsistent with her daily activities. The ALJ found Plaintiff can drive and can socialize with friends. Dkt. 10 at 9. This finding is supported by the function report Plaintiff submitted in which she indicated she can drive and socialize with friends. Tr. 301, 302. Plaintiff qualified her limitations at the hearing conducted by the ALJ where she stated she has occasional problems with driving and socializing. Plaintiff gave two versions of her abilities. The Court thus cannot say it was unreasonable for the ALJ to reject one of those versions.

The ALJ found Plaintiff can shop without noting as Plaintiff contends she sometimes cannot shop alone. Dkt. 10 at 9. The ALJ's finding thus overstates Plaintiff's functional abilities in this regard. Tr. 23. Plaintiff also contends her vacations and work activity do not contradict her testimony as the ALJ found. Dkt. 10 at 10-11. Plaintiff argues the ALJ overlooked her difficulties while on vacation, and ignored the fact Plaintiff's partner accompanied her on the trips. *Id*. The ALJ cited Plaintiff's vacations as evidence she can engage in social interaction with her friends, family, and the public during the trips. Tr. 23. This overstates Plaintiff's abilities. The fact Plaintiff went on a trip with a friend or family does not establish she can interact with the public as the ALJ found. The same goes for her ability to interact with family or friends. This limited circle of interaction does not reasonably establish Plaintiff can engage in social interaction in a work place.

The ALJ also discounted Plaintiff's testimony based on her work activity, insinuating she attempted to hide this activity. Dkt. 10 at 10. The ALJ found Plaintiff initially testified she last worked in 2007 or 2008, but later, when pressed, admitted she had been working as a freelance book editor since 2015 and had not reported all of her income to the IRS. Tr. 24 (referencing Tr. 44-47). The ALJ reasonably found this work, along with Plaintiff's work as a

gynecological medical model,[3] is inconsistent with Plaintiff's testimony she cannot work. Tr. 24. Plaintiff also argues that she did not allege social anxiety, and therefore the ALJ erred in finding her modeling work to be inconsistent with a limitation she did not allege. Dkt. 10 at 11. But Plaintiff did describe social anxiety in her function report describing her symptoms and limitations. *See* Tr. 303-04. Because the record supports the ALJ's findings regarding Plaintiff's modeling work, Plaintiff has not shown error.

The ALJ also found the medical records showed Plaintiff has normal mental findings regarding thought process, attitude and memory. Tr. 24. Plaintiff contends the ALJ erred in omitting how the record also showed Plaintiff was anxious and/or panicked on occasion. Dkt. 10 at 11. While the ALJ acknowledged parts of record document Plaintiff's anxiety and hyperventilating (Tr. 24), the ALJ did not explicate why those records should be rejected or why they do not confirm Plaintiff's testimony rather than contradict it.

Lastly, the ALJ discounted Plaintiff's testimony because has not been hospitalized for inpatient psychiatric treatment. Dkt. 10 at 12. This is an unreasonable and unconvincing rationale and accordingly erroneous. In sum, the ALJ provided valid and invalid reasons to discount Plaintiff's testimony. Because the ALJ gave at least one vald reason to discount Plaintiff's testimony that her mental conditions are disabling, the other invalid reasons while erroneous constitute harmless error. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Accordingly, the Court affirms the ALJ's determination to discount Plaintiff's testimony about he mental limitations.

---

[3] Plaintiff argues she was a model before her onset date (Dkt. 10 at 11), but her testimony suggests she continued to engage in this work on a yearly basis (Tr. 47). She also reported this work to Dr. Widlan during the adjudicated period (Tr. 360).

ORDER REVERSING THE COMMISSIONER'S DECISION - 8

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall reassess Dr. Widlan's opinions, develop the record and redetermine Plaintiff's RFC as necessary, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 9th day of October, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge